CLERK'S COPY

FILED
AT ALBUQUERQUE NM

OCT 18 1999

ROBERT M. MARCH
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

Plaintiff,

v.

No. CIV-99-1048 MV/RLP
CR-97-692 MV

WILLIS JEFFREY KELLY

Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's motion to correct presentence report and to reduce sentence (CIV Doc #1; CR Doc. #98) under Fed.R.Crim.P. 32 and 35. The motion was filed September 16, 1999, and was treated administratively as a motion under 28 U.S.C. § 2255. For the reasons below, the motion will be denied.

Defendant asserts the presentence report contains a large number of errors, leading to miscalculation of his sentence under the United States Sentencing Guidelines ("U.S.S.G."). In its response, Plaintiff contends most of Defendant's claims have been waived or adjudicated, or, alternatively, the allegations in the motion do not warrant the relief sought. Two amended judgments already have been entered on Defendant's conviction, and the Tenth Circuit affirmed the conviction. None of the instant claims was raised on appeal.

The Court does not have the authority to reduce Defendant's sentence at this time. After a judgment of conviction is entered, the Court's authority to modify a sentence is limited to specific statutory authorization, *United States v. Soto-Holguin*, 163 F.3d 1217, 1220 (10th Cir. 1999); *United States v. Smartt*, 129 F.3d 539, 541 (10th Cir. 1997); *United States v. Mendoza*, 118 F.3d 707, 709



(10th Cir.), *cert. denied*, --- U.S. ---, 118 S.Ct. 393 (1997); *United States v. Blackwell*, 81 F.3d 945, 947-49 (10th Cir. 1996), and Defendant's allegations do not invoke provisions of Rules 32 or 25 which allow for modification of a sentence.

Nor will modification of the presentence report be ordered. As Plaintiff argues, most of the alleged errors were waived, resolved at sentencing, or nonexistent. More important, Defendant makes no showing that any of the alleged errors enhanced his sentencing range or increased his sentence. Specifically, as examples, the restitution amount was based on actual receipts; certain prior arrests were not considered by the Court at sentencing; and Defendant's objection to the finding that he was a career offender under U.S.S.G. § 4B1.1 has no factual or legal basis. *United States v. Coronado-Cervantes*, 154 F.3d 1242, 1243-45 (10th Cir. 1998). The motion presents no support for the relief sought, and the motion will be denied.

IT IS THEREFORE ORDERED that Defendant's motion to correct presentence report and to reduce sentence (CIV Doc #1; CR Doc. #98) filed September 16, 1999, is DENIED; and this civil proceeding is DISMISSED.

_____
UNITED STATES DISTRICT JUDGE